IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONWIDE LIFE INSURANCE COMPANY | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 13-0038 |
| FRANKLIN MILLS ASSOCIATES | : | |
| LIMITED PARTNERSHIP | : | |

**SURRICK, J.**                                                                    **MAY 21 , 2015**

**MEMORANDUM**

Presently before the Court are:  Plaintiff's Motion to Strike Unsigned Answers to Interrogatories and Unsigned Objections to Discovery Requests, Or, in the Alternative, to Compel Full and Complete Answers to Interrogatories and Production of Documents by Defendant (ECF No. 21); Defendant's Motion to Compel and to Determine Sufficiency of Answers and Objections to Requests for Admissions (ECF No. 23); Plaintiff's Motion for a Protective Order Against Oral Deposition of Three (3) In-House Counsel (ECF No. 24); and all responses thereto.  For the following reasons, Plaintiff's Motion to Strike will be denied, Defendant's Motion to Compel will be denied, and Plaintiff's Motion for a Protective Order will be granted in part and denied in part.

**I.      PLAINTIFF'S MOTION TO STRIKE**

Nationwide asks the Court to strike Defendant's discovery responses because they are not signed.  (Mot. Strike 4-7, ECF No. 21.)  However, since Nationwide filed this Motion, Franklin Mills has apparently served hand-signed responses to Nationwide's discovery requests.  (Opp'n Mot. to Strike 1, ECF No. 22.)  Defendant having fulfilled Nationwide's primary request, it

appears that this Motion is moot.[1]  Nationwide has not indicated otherwise.  The Motion will be denied.

## II.      DEFENDANT'S MOTION TO COMPEL

Franklin Mills asks the Court to compel Nationwide to respond to its first set of interrogatories and to produce documents in response to its first set of document requests.  It also asks the Court to determine the sufficiency of Nationwide's answers and objections to Defendant's first set of requests for admissions.   (Mot. Compel 1, ECF No. 23.)

Based upon Nationwide's response, it again appears that some of these issues are moot. Nationwide has produced approximately four thousand pages of documents in response to Defendant's document requests at this point.  (Opp'n Mot. Compel 1-2, ECF No. 26.) Nationwide has also now provided the specific information Defendant complained was lacking in Nationwide's response to the interrogatories.  (*Id.* at 2.)  Defendant's first two requests are therefore satisfied.

Finally, Defendant asks us to determine the sufficiency of Nationwide's answers and objections to Defendant's first set of requests for admission.  Nationwide objects to Defendant's use of the term "*Proposed* Property Transaction" in describing what Nationwide views as an *agreed-upon* property transaction.  (Opp'n Mot. Compel 3-5.)  Nationwide argues that its responses were reasonable and responsive, while preserving its objection to the form of the requests.  We are satisfied that Nationwide has provided sufficient information in its responses, rather than boilerplate answers, and we see no indication of bad faith in its objections. Nationwide has sufficiently responded to Defendant's request for admissions.

---

[1]  Since the primary request has been fulfilled, we need not address Nationwide's alternative requests.

### III.   PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

Nationwide asks the Court to quash Defendant's notices of deposition as to three of Nationwide's in-house counsel.[2]  Those attorneys are Seth Abel, Simon Reeve, and Dana Anthony.

This case concerns the parameters of a settlement agreement:  "whether the Settlement Agreement contains limitations on Franklin Mills' right to reject the Property and, if so, what those limitations are."  (Mem. re: Rule 12(c) Motion 9, ECF No. 18.)  The crux of the factual dispute is what was agreed to by the parties at the settlement conference before Judge Restrepo. It is undisputed that Attorneys Abel and Reeve did not attend that settlement conference.  (Opp'n Mot. Prot. Order ¶ 12, ECF No. 28.)  It is therefore unclear how their testimony could be relevant.  Defendant argues that Abel and Reeve could testify about the condition of the property, and about Nationwide's plans for it (i.e., a desire to sell, lease, or demolish it).  But these questions shed no light on the crux of the factual dispute, namely, what was agreed to at the settlement conference before Judge Restrepo.  We will therefore grant Nationwide's Motion for a protective order as to the proposed depositions of Attorneys Abel and Reeve.

Attorney Anthony, conversely, did attend the settlement conference that is the subject of this dispute.  Nationwide argues that her participation was minimal and that all of her communications at or regarding the settlement conference are privileged.  (Mot. Prot. Order 5.) However, it is clear from the hearing transcript that Anthony participated in the settlement conference before Judge Restrepo along with opposing counsel.  (*Id.* at 4-5.)  Her

---

[2]  These notices of deposition are dated March 30, 2015, and they indicate that the attorneys in question were to be deposed on April 22 and April 28, 2015.  (Mot. Prot. Order, Exs. A-C, ECF No. 24.)  We note, with disapproval, that Nationwide did not file this motion for a protective order until April 20.  (*Id.*)  We note with equal disapproval that although the documents submitted to the Court reflect deposition dates of April 22 and April 28, the parties did not actually schedule depositions for these dates.

communications at that conference are clearly not privileged.  *See Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 862 (3d Cir. 1994) (noting that to be shielded by attorney-client privilege, the communication must relate to a fact of which the attorney was informed by the client without the presence of strangers).  To the extent that Defendant questions Anthony about communications that qualify for the protection of privilege, she remains free to assert the privilege at that time.  We will deny Nationwide's motion for a protective order with respect to the deposition of Attorney Anthony.

**IV.     CONCLUSION**

       For the foregoing reasons, Plaintiff's Motion to Strike will be denied, Defendant's Motion to Compel will be denied, and Plaintiff's Motion for a Protective Order will be granted in part and denied in part.

       An appropriate Order will follow.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK, J.**